Nina Huerta (SBN 229070)
nhuerta@lockelord.com
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel:   (213) 485-1500
Fax:   (213) 485-1200

Jennifer A. Kenedy (*pro hac vice* application forthcoming)
jkenedy@lockelord.com
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Tel:   (312) 443-0700
Fax:  (312) 443-0336

Attorneys for Plaintiff
FIDELITY BROKERAGE SERVICES LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN NORDSTROM; and INNOVATION WEALTH MANAGEMENT,<br><br>            Defendants. | CASE NO.  2:17-CV-00594-JAM-KJN<br><br>**FIDELITY BROKERAGE SERVICES LLC's *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (WITHOUT SECURITY) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65 AND LOCAL RULE 231**<br><br>[Memorandum of Points and Authorities, Declarations of David Taylor, Robert Heisler, Nina Huerta and Kristina Koch, [Proposed] Order, TRO Checklist, and Notice of *Ex Parte* Request to File Under Seal Filed Concurrently Herewith]<br><br>Complaint Filed:  March 20, 2017 |

1
FIDELITY'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

**TO THE COURT, THE PARTIES, AND THE PARTIES' COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 231, Plaintiff Fidelity Brokerage Services LLC ("Fidelity"), by its undersigned counsel, hereby respectfully moves the Court, on an *ex parte* basis, to enter a temporary restraining order ("TRO") (without security), in accordance with the Proposed Order submitted concurrently herewith.  Fidelity submits herein a comprehensive Memorandum of Points and Authorities, but provides a brief summary of the conduct it seeks to enjoin in this motion.

Fidelity seeks an immediate TRO (without security) against Defendants John Nordstrom ("Nordstrom") and Innovation Wealth Management ("IWM") (collectively, "Defendants") to stop their ongoing misappropriation of Fidelity's trade secrets, and to stop Defendants from using that information to improperly solicit Fidelity customers and disparage Fidelity to Fidelity's customers in violation of the Federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.* ("DTSA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.  *See Wyndham Resort Dev. Corp. v. Bingham*, No. 2:10-CV-01556, 2010 WL 2740158, at *5-6 (E.D. Cal. July 9, 2010) (granting preliminary injunctive relief after entering temporary injunctive relief to prevent misappropriation of customer list); *Merrill Lynch v. Chung*, No. CV 01-00659, 2001 WL 283083, at *4 (C.D. Cal. Feb. 2, 2001) (entering preliminary injunctive relief in favor of Merrill Lynch to prevent misappropriation of customer list and solicitation).

On March 20, 2017, Fidelity filed a Complaint with the Court.

On March 20, 2017, Fidelity concurrently filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") seeking an expedited arbitration under the FINRA Code of Arbitration Procedure.  Under FINRA Rule 13804, Fidelity is *required* to seek and *obtain* immediate injunctive relief in a court of competent

jurisdiction *before* an expedited FINRA arbitration is permitted to proceed. After obtaining the temporary restraining order from this Court, Fidelity will proceed to an expedited arbitration within 15 days of the court order on its request for permanent injunctive relief. Without the necessary injunctive relief, Fidelity would have to proceed before FINRA on a standard-track arbitration, which would likely take a year or more. Accordingly, a temporary restraining order is required in order for Fidelity to have this matter heard by FINRA on an expedited basis.

As stated in Fidelity's Complaint, the Memorandum of Points and Authorities in Support of this motion and in the supporting Declarations of David Taylor, Robert Heisler, Nina Huerta and Kristina Koch, which are each incorporated herein by reference, since his resignation from Fidelity on February 16, 2017, Nordstrom, a former Financial Consultant who serviced hundreds of customers at Fidelity, has misappropriated, used, and continues to use, Fidelity's property, trade secrets, and confidential customer data and information to solicit Fidelity customers on behalf of his new company IWM, which offers brokerage services through LPL Financial, LLC ("LPL"). Defendants have also used Fidelity's trade secret customer data to disparage Fidelity and Fidelity's services to Fidelity customers. Both IWM and LPL are competitors of Fidelity in the financial services industry.

Soon after Nordstrom resigned from Fidelity, Fidelity learned that Nordstrom was contacting Fidelity customers. Upon learning of these customer reports, in an effort to resolve the issue short of litigation, Fidelity conferred in good faith with Nordstrom and formally requested the return of all confidential and trade secret information in Defendants' possession. Defendants failed to return any material.

Notwithstanding Fidelity's letters directing Nordstrom to stop his unlawful activities, Fidelity continued to receive reports from clients indicating that, after sending his announcement letter to Fidelity customers, Defendants had continued to use Fidelity Confidential Information to contact Fidelity customers by telephone and were using that Confidential Information to solicit Fidelity customers to move their

accounts and business relationship to Nordstrom at IWM.  In more than one instance, Nordstrom left a follow-up voicemail with a customer in which he disparages Fidelity in an effort to persuade the customer to move his/her assets from Fidelity to him at his new company.  Accordingly, Fidelity is concerned that Nordstrom has not returned and/or deleted all Fidelity customer information he removed from Fidelity, including highly sensitive account information.  Fidelity has done what it could to reasonably resolve this issue short of litigation.

Fidelity now seeks a TRO requiring Defendants to return to Fidelity any and all records and/or documents in any form, received or removed from Fidelity by Nordstrom, containing information pertaining to customers Nordstrom served or whose name became known to Nordstrom while in the employ of Fidelity, including, but not limited to, any customer list or documents, replicated or "recreated" by Nordstrom by memory or otherwise, using Fidelity's confidential and trade secret information concerning Fidelity's customers.  In addition to seeking the return of Fidelity confidential and trade secret customer information in Defendants' possession, Fidelity further seeks a TRO prohibiting Defendants from directly or indirectly using Fidelity's trade secret customer information to solicit Fidelity's customers or to disparage Fidelity or Fidelity's services to Fidelity customers.  The requested relief, including the TRO, is necessary to end Defendants' unlawful activities, which include misappropriation of Fidelity's trade secrets and unfair competition.

Defendants are prepared to engage in, are engaging in, and plan to continue to engage in the following acts:

(a) removal of Fidelity trade secret customer information and misappropriation of the trade secret information contained in confidential Fidelity business records, including specifically the names, addresses, email addresses, phone numbers, account information, and/or other confidential information of Fidelity customers;

4

FIDELITY'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

(b) transmitting verbally, in writing or in any other manner for the use of IWM or LPL, customers' contact and financial information contained in Fidelity's records;

(c) using Fidelity's trade secret customer information to solicit and/or prepare to solicit Fidelity's customers to terminate their relationships with Fidelity and transfer their accounts to IWM and LPL;

(d) using Fidelity's trade secret customer information to disparage Fidelity and Fidelity's services to Fidelity customers; and/or

(d) other such acts which violate the Defend Trade Secrets Act and California Unfair Competition Law.

Fidelity has no adequate remedy at law. Unless Defendants are temporarily enjoined from the foregoing conduct, Fidelity will be irreparably harmed by:

(a) disclosure of trade secret customer information, and other confidential information that is solely the property of Fidelity and its customers;

(b) loss of confidentiality of clients' information and/or records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; and

(c) potential economic loss, which is presently incalculable.

The threat of irreparable injury is not only imminent but actual and ongoing. As set forth in the Memorandum of Points and Authorities, Defendants have already used Fidelity's trade secret customer information to disparage Fidelity and solicit Fidelity customers in an effort to convince them to transfer management of their accounts from Fidelity to Defendants and several customers were concerned enough about Nordstrom's calls to report them to Fidelity. Customers should be able to trust that Fidelity will protect their confidential personal and account information.

California courts routinely grant injunctions barring employees from using their former employers' confidential customer information to solicit the customers of their former employers. *Chung*, 2001 WL 283083 at *4 (granting TRO to protect customer

lists); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Garcia*, 127 F. Supp. 2d 1305, 1306 (C.D. Cal. 2000) (granting preliminary injunction to protect customer list); *Gable-Leigh, Inc. v. N. Am. Miss*, No. CV 01-01019, 2001 WL 521695, at *20 (C.D. Cal. Apr. 13, 2001) (same); *ReadyLink Healthcare v. Cotton*, 126 Cal. App. 4th 1006, 1018 (2005) (affirming preliminary injunction protecting customer list where plaintiff "went to great expense to compile the data"); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1522 (1997) (affirming permanent injunction protecting customer list where "the patronage of such customers was secured through the expenditure of considerable time and money"); *Klamath-Orleans Lumber, Inc. v. Miller*, 87 Cal. App. 3d 458, 464 (1978) (affirming permanent injunction protecting customer list, noting that "an employee . . . should not be allowed to exploit information which his employer compiled at great expense and which represents a valuable business asset").

Additionally, on each occasion Fidelity has sought relief in United States District Courts in California under substantially similar circumstances, the courts have granted Fidelity's request for a temporary restraining order in order to protect Fidelity's confidential and trade secret customer information and to stop ongoing solicitation of its customers. *Fidelity Brokerage Servs. LLC v. McNamara*, No. 11 CV 1092 MMA (RBB), 2011 WL 2117546 (S.D. Cal. May 27, 2011); *Fidelity Brokerage Servs. LLC v. Parker*, Case No. 04-cv-1027-IEG(LSP) (S.D. Cal. 2004); *Fidelity Brokerage Servs. LLC v. Sanchez*, Case No. CV08-03863 ABC PJWx (C.D. Cal. 2008); *Fidelity Brokerage Servs. LLC v. Vance*, Case No. SACV07-1230 DOC (C.D. Cal. 2007).

The DTSA expressly provides for injunctive relief for either the actual or threatened misappropriation of trade secrets. 18 U.S.C.A. § 1836(b)(3) (West 2017). Additionally, Fidelity's customer information, including the identity of Fidelity customers, is also required to be kept confidential under the Gramm-Leach-Bliley Act and its implementing regulations. The statute declares, "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to

respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a) (2012).  The implementing regulation, known as Regulation S-P, prohibits the disclosure of so-called "nonpublic personal information" to third parties without consent.  17 C.F.R. § 248.10 (201) (2017).  Nonpublic personal information is defined to include customer lists from financial institutions, even if those lists contain only names of Fidelity customers because the identity of an individual as being a customer of a particular financial institution is specifically protected by the federal regulations.  17 C.F.R. § 248.3(t)(1) (2017); 17 C.F.R. § 248.3(u)(2)(i)(D) (2017).  Additionally, account information is protected under Regulation S-P.  17 C.F.R. § 248.3(t)(1); 17 C.F.R. § 248.3(u)(1).  California's Unfair Competition Law also provides for injunctive relief. *See* Cal. Bus. & Prof. Code § 17203 (West 2017).

The narrow relief sought by Fidelity is set forth in the Proposed Order submitted herewith.  Any delay in granting Fidelity the relief requested herein would result in the illegal and unnecessary infliction of additional irreparable harm and the destruction of the *status quo* pending arbitration.

Notice that Fidelity would be moving for this Temporary Restraining Order was given to Defendants on March 21, 2017.   Although Defendants initially stipulated to the entry of the TRO, after Defendants retained counsel, it appears they are now withdrawing this stipulation.  (*See* Declaration of Nina Huerta filed concurrently herewith.)

This motion is based on the Memorandum of Points and Authorities in Support of this motion, the Declarations of David Taylor, Robert Heisler, Nina Huerta, and Kristina Koch, the Proposed Order Granting Temporary Restraining Order (Without Security) Pursuant To Federal Rule Of Civil Procedure 65 and Local Rule 231, and on such other evidence and argument as the Court may consider.

FIDELITY'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Dated: March 21, 2017         Respectfully submitted,

                              LOCKE LORD LLP


                              By: */s/ Nina Huerta*
                                  Nina Huerta
                                  Attorney for Plaintiff
                                  FIDELITY BROKERAGE SERVICES LLC