Nina Huerta (SBN 229070)
nhuerta@lockelord.com
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel: (213) 485-1500
Fax: (213) 485-1200

Jennifer A. Kenedy (*pro hac vice* application forthcoming)
jkenedy@lockelord.com
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

Attorneys for Plaintiff
FIDELITY BROKERAGE SERVICES LLC

**FILED**

MAR 23 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN NORDSTROM; and INNOVATION WEALTH MANAGEMENT,<br><br>Defendants. | CASE NO. 2:17-CV-00594-JAM-KJN<br><br>Hon. Judge John A. Mendez<br><br>**STIPULATED PROTECTIVE ORDER** |

1
STIPULATED PROTECTIVE ORDER

Plaintiff Fidelity Brokerage Services LLC ("Fidelity") and Defendants John Nordstrom ("Nordstrom") and Innovation Wealth Management ("IWM") (collectively with Nordstrom, "Defendants") hereby stipulate and agree that documents produced in discovery, documents utilized as exhibits and testimony provided in this case will be handled as follows:

1. Disclosure and Use of Confidential Material and Information

    A. All information, documents, exhibits, and other materials produced or utilized as exhibits by Fidelity, Defendants, or any other person or entity in the above-captioned case, or testimony given at a deposition or hearing in this case, that is designated by the producing or testifying party to be "Confidential," "Produced Pursuant to Confidentiality Agreement," or the like ("Confidential Material and Information") shall be governed by the provisions of this Agreement. Information derived from Confidential Material and Information shall also be governed by this Agreement, and be deemed to be Confidential Material and Information as well.

    B. All Confidential Material and Information shall be used solely for purposes of the prosecution or defense of the above-captioned case, including post-hearing motions and appeals.

    C. A receiving party may disclose Confidential Material and Information only to: (a) counsel of record for the parties and employees of such counsel; (b) Nordstrom and any other key employees of IWM, to the extent there are any; (c) any nonparty expert retained in writing to testify or provide opinions (to the extent necessary to perform the assigned task); (d) the court in the above-captioned Action and its staff; (e) the Panel in this arbitration; (f) court reporters, if any, who are permitted to

transcribe tapes or make a transcript of proceedings; and, (g) directors, officers, and employees of Fidelity or IWM who have a need to access such Confidential Material and Information for the above-captioned case.

D. If a receiving party wishes to file Confidential Material and Information with this Court (including but not limited to as exhibits to case pleadings), the party must seek leave to make such a filing under seal.

E. The parties may apply to the Court, depending on the portion of this proceeding in which they are produced or used as exhibits or testimony, for relief from the designation of documents or information on reasonable notice for good cause shown.

F. The inadvertent failure to designate material as "Confidential" or the like shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. It shall not be deemed a violation of this Agreement to have disclosed information not designated as Confidential that is subsequently so designated if disclosure was made prior to such designation.

2. <u>Third-Party Requests</u>

A. If, pursuant to legal process (*i.e.*, subpoena, panel or court order, etc.), a party receives a request to disclose Confidential Material and Information, the receiving party shall notify the producing party by overnight courier and fax or email that it has received legal process. The receiving party shall not disclose such Confidential Material and Information prior to the return date (thereby giving the producing party an opportunity to challenge such process).

B. The parties stipulate that any document or information containing what a party in good faith believes contain trade secrets, personal employment,

financial or investment information, financial information (including revenues, costs, expenditures, compensation and profits), or details of business relationships, the identity of customers and/or customer contact, financial or investment information may be designated as "Confidential".

  C. By entering into this Agreement, no party shall be deemed to have agreed with or to any "confidential" designation.

3.  Return of Confidential Material and Information

Except to the extent a receiving party obtains the written permission of a producing party, or an Order dissolving or modifying this Agreement, this Agreement shall continue to be binding after the above-captioned case ends. In addition, upon written request by the producing party at the conclusion of this case, the receiving parties will return to the producing party (or the designating party, in the case of transcribed testimony) all originals and copies of Confidential Material and Information within thirty (30) days after such request is made. Counsel for the receiving party shall be entitled to retain copies of papers submitted to the Court referring to Confidential Information, but such papers shall be used solely for the purpose of preserving a file on this case and shall not be disclosed to any other person. In the case of transcribed testimony, each party's attorneys of record may maintain one copy of transcribed testimony that has been designated as Confidential, but the parties shall otherwise return all copies of such transcribed testimony. If the parties so stipulate, the material may be destroyed instead of being returned.

| FIDELITY BROKERAGE SERVICES LLC | JOHN NORDSTROM AND INNOVATION WEALTH MANAGEMENT |
|---|---|
| */s/ Nina Huerta* | */s/ Valerie Collanton* |
| Nina Huerta (SBN 229070) | Dylan W. Wiseman |
| nhuerta@lockelord.com | Valerie Collanton |

| | |
|---|---|
| Locke Lord LLP<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, CA 90071<br>Tel:  (213) 485-1500<br>Fax:  (213) 485-1200 | Buchalter, A Professional<br>Corporation<br>500 Capitol Mall, Suite 1900<br>Sacramento, CA 95814-4737<br>Tel: 916-945-5185 |

**SO ORDERED THIS 23rd DAY OF MARCH, 2017.**

By signing this Order the Court is not indicating that it will automatically seal any Confidential Material and Information that is filed on the docket in this case.

_/s/ John A. Mendez_
John A. Mendez
United States District Court Judge

---

5
STIPULATED PROTECTIVE ORDER