UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN NORDSTROM; and INNOVATION WEALTH MANAGEMENT,<br><br>Defendants. | No.  2:17-0594-cv-JAM-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

This Court, having read and considered the Complaint on file in this action by Fidelity Brokerage Services LLC ("Fidelity"), Fidelity's *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction, the Memorandum of Points and Authorities in support thereof, and the Declarations of David Taylor, Robert Heisler, Nina Huerta, and Kristina Koch filed in support thereof, being fully advised in the premises, and GOOD CAUSE appearing therefore hereby finds and orders as follows:

//

This Court finds the following:

1. Fidelity has demonstrated a likelihood of success on the merits of its claims against Defendants John Nordstrom ("Nordstrom") and Innovation Wealth Management ("IWM") (collectively "Defendants").

2. Fidelity will suffer irreparable harm if Defendants are permitted to continue to misappropriate Fidelity's trade secret customer information and use that information to continue to solicit Fidelity's customers and disparage Fidelity;

3. Fidelity has no adequate remedy at law;

4. Greater injury will be inflicted upon Fidelity by denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief;

5. The issuance of injunctive relief will serve the public interest in the protection of proprietary business and customer information and Fidelity's trade secret customer information, as well as by safeguarding Fidelity's customers' personal information; and

6. Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Fidelity is required to seek interim injunctive relief in a Court of competent jurisdiction in order to proceed to an expedited arbitration hearing on the merits before a panel of duly appointed arbitrators.

For those reasons it is hereby ordered that:

(1) Defendants are enjoined from directly or indirectly initiating contact with any current customer of Fidelity with whom Defendants had contact or for whose

accounts he had responsibility while employed by Fidelity, for the purpose of encouraging, inviting, suggesting, or requesting transfer of their business from Fidelity to Defendants. Notwithstanding the foregoing, if a Fidelity customer initiates contact with Defendants, Defendants may respond to and accept business from the customer.

(2) Defendants are enjoined from, either directly or indirectly, and whether acting alone or in concert with others, using, disclosing, transmitting and continuing to possess for purposes of solicitation of customers or disparagement of Fidelity to customers Fidelity's customer information, including, but not limited to, the names, addresses, telephone numbers, email addresses and confidential financial information of any customers Nordstrom learned of through his employment with Fidelity until further Order of this Court.

(3) Defendants, and anyone acting in concert with them, including any agent, employee, officer or representative of IWM, or any other business for which Nordstrom performs services, shall return to Fidelity any and all records, documents and/or information pertaining to Fidelity customers, whether in electronic, handwritten or any other form within five (5) days of entry of this order, including any and all copies.

(4) Defendants shall file a declaration attesting that they have returned to Fidelity all information subject to

3

        this Court's Order or a declaration stating that no such information is their possession within seven (7) days from the entry of this Court's Order;

(5) Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§3-4, Fidelity and Nordstrom will proceed to an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure

(6) Defendant IWM shall file a Notice within seven (7) days informing Fidelity and the Court whether it consents to arbitrate this matter before FINRA. Should IWM decline to consent to arbitration:

    i. An Order to Show Cause why a Preliminary Injunction should not be granted shall be set for hearing on April 11, 2017 at 1:30 p.m.;

    ii. Any supplemental brief shall be filed by Defendants on or before April 4, 2017, such brief shall not exceed 15 pages; and

    iii. Any reply papers shall be filed by Plaintiff on or before April 7, 2017, such brief shall not exceed 10 pages.

(7) This Order is effective immediately and requires the posting of an injunction bond in the amount of $25,000; and

(8) Defendants have the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. See Fed. R.

4

1          Civ. P. 65(b).

2    (9)   This Order shall remain in full force and effect
3          pending arbitration on the merits before the FINRA
4          arbitration panel.

5   (10)   The parties shall file a joint status statement with
6          the Court within 5 days of a final decision of the
7          FINRA arbitration panel.

    IT IS SO ORDERED.

Dated:    March 30, 2017

                            _____
                            JOHN A. MENDEZ
                            UNITED STATES DISTRICT JUDGE