Buchalter
A Professional Corporation
DYLAN W. WISEMAN (SBN: 173669)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: 415.227.0900
Fax: 415.227.0770

Buchalter
A Professional Corporation
VALERIE E. COLLANTON (SBN: 206266)
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5185
Email:   dwiseman@buchalter.com
         vcollanton@buchalter.com

Attorneys for Defendants
JOHN NORDSTROM; and
INNOVATION WEALTH MANAGEMENT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN NORDSTROM; and INNOVATION WEALTH MANAGEMENT,<br><br>Defendants. | Case No. 2:17-CV-00594-JAM-KJN<br><br>**HON. JOHN A. MENDEZ**<br><br>**STIPULATION AND ORDER TO EXTEND DEFENDANTS' TIME TO RESPOND TO COMPLAINT** |

All parties hereby stipulate and request that the court enter an order extending defendants' time to file an answer or other responsive pleading until 30 days after a final decision is entered by the Financial Industry Regulatory Authority (FINRA) arbitration panel. Good cause exists for this request:

1. On March 20, 2017, Plaintiff filed a Statement of Claim with FINRA seeking binding arbitration pursuant to Rule 13804(a)(2) of a dispute arising out of

alleged wrongful acts committed by Defendant Nordstrom, a former Fidelity employee, in concert with Defendant Innovation Wealth Management.

2. On March 20, 2017, Plaintiff filed the Complaint in the instant case based on the same conduct and claims as the FINRA arbitration proceeding.

3. On March 21, 2017, Plaintiff filed its *Ex Parte* Motion for a Temporary Restraining Order.

4. On March 30, 2017, the Court granted Plaintiff's motion, entered a Temporary Restraining Order, and directed the parties to proceed to arbitrate their claims before FINRA (provided Defendant Innovation Wealth Management consented to the arbitration).

5. On April 4, 2017, Defendant Innovation Wealth Management filed its Notice of Consent to Arbitration.

6. The Parties agree that the merits of this case will be resolved in arbitration before FINRA, pursuant to FINRA Rule 13804.

7. Therefore, to avoid unnecessary expenses, Plaintiff and Defendants are in agreement that Defendants' date to file an answer or other pleading responsive to the Complaint be extended until 30 days after a final decision is entered by the FINRA arbitration panel. The parties respectfully request that the Court so order.

///
///
///
///
///
///
///
///
///

DATED: April 4, 2017

BUCHALTER
A Professional Corporation

By: */s/ Dylan W. Wiseman*
DYLAN W. WISEMAN
VALERIE E. COLLANTON

Attorneys for Defendants
JOHN NORDSTROM; and
INNOVATION WEALTH MANAGEMENT

DATED: April 4, 2017

LOCKE LORD LLP

By: */s/ Nina Huerta (as authorized on April 4, 2017)*
NINA HUERTA (SBN 229070)

Attorneys for Plaintiff
FIDELITY BROKERAGE SERVICES LLC

nhuerta@lockelord.com
Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Tel: (213) 485-1500
Fax: (213) 485-1200

### ORDER

Pursuant to stipulation, and for good cause shown, Defendants' deadline to respond to Plaintiff's Complaint is extended to 30 days after a final decision is entered by the FINRA Arbitration Panel.

IT IS SO ORDERED.

Dated: 4/5/2017

/s/ John A. Mendez

UNITED STATES DISTRICT COURT JUDGE

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

2

BN 28306130v1